**Clarence Hunter ENGLES, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2011–CA–000483–MR.**

Court of Appeals of Kentucky.

July 20, 2012.

Gene Lewter, Department of Public Advocacy, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, W. Bryan Jones, Assistant Attorney General, Frankfort, KY, for Appellee.

Before COMBS and THOMPSON, Judges; LAMBERT,[1] Senior Judge.

## OPINION

COMBS, Judge:

Clarence Engles entered a conditional plea of guilty in the Fayette Circuit Court after it denied his motion to suppress the evidence of a gun. He now appeals. After our review, we affirm.

On June 9, 2008, Engles stole a cart full of groceries from the Eastland Save–A–Lot in Lexington. When confronted by employees, Engles brandished a gun and then fled to the nearby Mayor's Training Center. A police station was located in the same building as the Mayor's Training Center. One of the Save–A–Lot employees went into the police station to inform officers of the situation. Several officers immediately went into the Mayor's Training Center where they found Engles's two companions, a man and woman. The woman was in the lobby, and the man was in the men's restroom. Soon, police also found Engles in the men's restroom. Police searched the Mayor's Training Center and found a gun in the women's restroom.

Witnesses identified Engles as the man who had brandished the gun at Save–A–Lot employees. He was arrested, and in July 2008, a grand jury returned an indictment that charged him with first-degree robbery, being a convicted felon in possession of a handgun, tampering with physical evidence, and being a persistent felony offender in the first degree.

Engles, *pro se,* filed a motion to exclude the gun from evidence at trial. On January 14, 2009, the court held a hearing regarding the motion. Finding that the gun was admissible, the court denied the motion. On January 14, 2011, Engles entered a conditional guilty plea to amended charges of third-degree burglary and to being a persistent felony offender in the second degree. The charges of being a convicted felon in possession of a handgun and tampering with physical evidence were dismissed. This appeal follows.

Engles presents only one argument on appeal: that the trial court erred in admitting into evidence the gun that was found in the ladies' restroom.

■ Our standard of review for evidentiary issues is whether the trial court abused its discretion. *Partin v. Commonwealth,* 918 S.W.2d 219, 222 (Ky.1996) (*overruled on other grounds by Chestnut v. Commonwealth,* 250 S.W.3d 288 (Ky. 2008)). The Supreme Court of Kentucky has defined *abuse of discretion* as a court's acting arbitrarily, unreasonably, unfairly, or in a manner "unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999).

Engles contends that admission of the gun was improper because it was not proven to be connected to the incident that occurred at Save–A–Lot. We disagree.

■ In order to be admissible, evidence must be relevant. KRE 402. *Relevant evidence* is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE 401. Even a slight possibility that a piece of evidence is connected to the matter renders it relevant. *Turner v. Commonwealth,* 914 S.W.2d 343, 346 (Ky.1996),

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 2.05, at 53 (3d ed.1993) (citing *Cleary, McCormick on Evidence,* at 542–543 (3d ed.1984)). "The proof need not positively show the connection; but there must be proof rendering the inference reasonable or probable from its nearness in time and place or other circumstances." *Higgins v. Commonwealth,* 142 Ky. 647, 134 S.W. 1135, 1138 (1911) (*quoted by Barth v. Commonwealth,* 80 S.W.3d 390, 402 (Ky.2001)).

 In this case, the trial court found that the gun was found near enough both in time and in place to be relevant. The Mayor's Training Center was across the street from Save-A-Lot; it was accessible to the public. The police responded immediately, and within *minutes* they found the gun in the same building in which they found Engles. Several witnesses testified that the gun appeared to be similar to the gun that they saw Engles brandish. While this evidence does not conclusively prove that Engles used the gun found in the ladies' room during the shoplifting incident, it was not an abuse of discretion for the court to allow it to be admitted. It was relevant to be considered by a jury for weight and credibility. *Dillingham v. Commonwealth,* 995 S.W.2d 377, 380 (Ky. 1999).

We affirm the ruling of the Fayette Circuit Court.

ALL CONCUR.